IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**STARLET KIZER,**                                                           **MOVANT**

v.                                                                                   No.  3:10cr163-SA

**UNITED STATES OF AMERICA,**                              **RESPONDENT**

**ORDER**

This matter comes before the Court on Movant's motion for reconsideration of the Court's July 29, 2014, order denying her motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  The Court construes the instant motion as one for relief from a judgment or order under Federal Rule of Civil Procedure 60(b).  An order granting relief under Rule 60(b) must be based on: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud or other misconduct of an adverse party, (4) a void judgment, (5) release or satisfaction, or (6) any other reason justifying relief from the operation of the order.  Fed. R. Civ. P. 60(b).

This Court cannot consider a Rule 60(b) motion that challenges a movant's substantive claims, as such motions are construed as successive § 2255 motions.  *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) (referencing *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).  Rather, a "true" Rule 60(b) motion "either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior

1

habeas petition." *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 & n.4 (2005)).  In the instant motion, Movant maintains that the Court should have returned her § 2255 motion without review, as it was submitted *pro se* at a time when she had counsel, and her unfamiliarity with the law and legal procedure prevented her from submitting a proper motion.  Given these allegations, the Court will assume that Movant's claim is a challenge to the integrity of the habeas proceeding itself and that its evaluation is proper under Rule 60(b)(6).  Movant bears the burden of demonstrating the existence of "extraordinary circumstances" in order to be entitled to relief.  *Gonzalez*, 545 U.S. at 535.

Movant's § 2255, though filed before Movant appealed her convictions and sentences, was not adjudicated until months after the Fifth Circuit denied Movant's appeal.  While Movant filed her § 2255 motion at a time when she was represented by counsel, her right to counsel extended only through her first appeal.  *See, e.g., Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Counsel's obligations did not extend to assisting her with a section 2255 motion, and therefore, Movant was not denied a constitutional right by the Court's consideration of her *pro se* § 2255 motion.  Moreover, the Court took no dispositive action on her § 2255 motion until approximately two years after it was filed, which was after the Court's judgment was affirmed by the Fifth Circuit and after Movant had ample opportunity to supplement her § 2255.  Therefore, the Court finds that Movant's allegations fail to warrant Rule 60 relief, and the instant motion [ECF No. 206] is **DENIED**.

**SO ORDERED**, this the 4th day of February, 2015.

                                                     **/s/ Sharion Aycock**
                                                   **U.S. DISTRICT JUDGE**