IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                              CRIMINAL NO.    3:10CR163-SA

STARLET KIZER                                                                         DEFENDANT

ORDER ON MOTION

Starlet Kizer asks the Court to consider whether she is eligible for a sentence reduction under *Dean v. United States*, 137 S. Ct. 1170, 197 L. Ed. 2d 490 (2017). Kizer was originally sentenced to a one month term of incarceration for her predicate offense, bank robbery, a seven-year term for the first 924(c) conviction, and a twenty-five year term for the second 924(c) conviction.

After her sentencing, the United States Supreme Court handed down an opinion which held that Section 924(c) does not prevent a sentencing court from considering a mandatory minimum imposed under that provision when calculating an appropriate sentence for the predicate offense. *Dean*, 137 S. Ct. at 1176-77, 197 L. Ed. 2d 490. The Court instructed that courts are to consider Section 3553(a) factors when imposing a sentence, and that the sentencing provisions permit a court imposing a sentence on one count to consider sentences imposed on other counts. *Id*. at 1175, 197 L. Ed. 2d 490. Further, the 3553(a) factors may be considered when determining a prison sentence for each individual offense in a multicount case. *Id.* at 1178, 197 L. Ed. 2d 490. Section 924(c) says nothing about the length of a non-924(c) sentence, nor about what information a court may consider in determining that sentence. Indeed, according to the Supreme Court, "[n]othing in that language prevents a district court from imposing a 30-year mandatory minimum sentence

under § 924(c) and a one-day sentence for the predicate violent or drug trafficking crime," provided those terms run consecutively. *Id*. at 1177, 197 L. Ed. 2d 490.

The Court, in imposing only a single month for the predicate offense, an unobjected to downward variance, imposed a sentence that would be affirmed by the *Dean* Court. The § 3553(a) factors were carefully considered, and Kizer received the benefit of a significant downward variance for her predicate offense. Accordingly, no sentence reduction is available in this instance.

SO ORDERED, this the 19th day of April, 2018.

                                              **/s/ Sharion Aycock**
                                              **U.S. DISTRICT JUDGE**